By the Court,
unanimously. Fraud or not fraud, under the whole of the circumstances, is a matter very proper for t?he consideration of a jury. There is no point clearer, than where a deed is made for the purpose of defrauding *175 creditors, whatever the pretence may be, wherever such Intent can he traced out, it is fraudulent, and ought to be , , ■, , , r set aside. But to say that no voluntary deed, made lor the support and advancement of a part of a man’s family, is good, because a man happened to be embarrassed at the time such deed was made, would be carrying the matter much further than the principles of law or justice would warrant. In the present case, the deed appears evidently to have been made for the support of the wife, especially as there had been differences between them. There is no secret trust in it 5 or that the property should ever revert to Holman. It is absolute and unconditional, and appears to have been recorded soon after its execution, which was notice to all the world. The statute of Elizabeth does not go to voluntary conveyances, merely because they are voluntary ; but to such as are fraudulent. A fair, voluntary conveyance may be good against creditors, notwithstanding Its being voluntary. The circumstance of a man’s being in debt at the time of making such a deed, may be an argument of fraud ■ but then the grand question in every such case is, whether the act done is a bona fde transaction, or whether it is a trick to defraud creditors ? If there is any trust for the use of the grantor, it is fraudulent j Cotap, 434, 5. but in this case there is none. It is also laid down by Lord Mansfield, Coup. 436. that a settlement was not fraudulent, because there were creditors at the time it was made, if the transaction %vas a fair one. He also lays it down in Cotup. 710, 11. that a custom lias prevailed, and leaned extremely to construe voluntary settlements fraudulent against creditors ; but if the circumstances of the transaction shew that it was not fraudulent at the time, it Is not within the statutes, though no money was paid.
Jury found for the plaintiffs to the amount of the value of the wench and children.